UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA POLAND,**

        **Plaintiff,**

v.                                                            Case No.   6:19-cv-1363-ORL-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION[1]

Lisa Poland ("Claimant"), appeals from a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance and Supplemental Security Income benefits. Doc. No. 1; Doc. No. 20. Claimant alleges a disability onset date of October 12, 2015. R. 15. Claimant argues that the decision should be reversed because the administrative law judge ("ALJ") improperly relied on the vocational expert's ("VE") testimony because there was an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") and the ALJ did not recognize or address the conflict. Doc. No. 20 at 5. Because the ALJ did not recognize or address an apparent conflict between the VE's testimony and the DOT, the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

---

[1] Magistrate Judge Baker is substituting for Magistrate Judge Gregory J. Kelly.

**I.      STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.     ANALYSIS.**

Claimant's sole argument is that the ALJ improperly relied on the VE's testimony because there was a conflict between the VE's testimony and the DOT that the ALJ failed to recognize or address. Doc. No. 20 at 2, 5-10.   The ALJ found that Claimant had a residual functional capacity ("RFC") for light work with certain limitations.  R. 20.  Those limitations included Claimant performing "simple and routine tasks but not at a production rate pace or in quota driven work." R. 20.   The VE testified that Claimant's RFC would allow her to work as a router, library page or

silver wrapper. R. 27, 68. The ALJ found the VE's testimony consistent with the information in the DOT. R. 27. Claimant argues that each of these jobs has a reasoning level of two and conflict with the limitation to simple and routine tasks. Doc. No. 20 at 5-10. The Commissioner argues that there is no conflict between a reasoning level of two and the limitation to simple and routine tasks, and that substantial evidence supports the ALJ's decision. Doc. No. 20 at 10-17.

At step five of the sequential evaluation process to determine whether the claimant is entitled to social security benefits, the ALJ uses the claimant's RFC, age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239. At this step, the burden of going forward shifts to the Social Security Administration ("SSA") "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). If the SSA shows this, then "the burden shifts back to the claimant to prove [s]he is unable to perform the jobs suggested by the [SSA]." *Id.* If the claimant demonstrates that she cannot perform the work the Commissioner suggested because of her impairment, then the ALJ will find that she is disabled and entitled to disability benefits. 20 C.F.R. § 416.920(a)(4)(v). The burden temporarily shifts at step five, but "the overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001) (quotations omitted).

The SSA's regulations establish how the agency may determine whether there is suitable work available in the national economy at step five. *See* 20 C.F.R. § 416.966. The regulations state that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [her] physical or

mental abilities and vocational qualifications." *Id.* § 416.966(b). This regulation lists the sources of jobs data that the ALJ should consider, including the DOT. *Id.* § 416.966(d). The ALJ can also consider VE testimony in determining whether there is suitable work available. *Id.* § 416.966(e).

The SSA issued a Policy Interpretation Ruling providing detailed guidance on how the ALJs should go about weighing VE testimony and data in the DOT. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). SSR 00-4p directs ALJs to "[i]dentify and obtain a reasonable explanation for any conflicts." *Id.* at *1. An ALJ can only rely on VE testimony for the step five determination after identifying and obtaining a reasonable explanation for any conflicts. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1361 (11th Cir. 2018); SSR 00-4p. Any apparent conflict must be identified and resolved by the ALJ. *Washington*, 906 F.3d at 1361; SSR 00-4p. "The ALJ must not only 'identify ... any conflicts,' but also explain any discrepancy and detail in the decision how the discrepancy was resolved." *Washington*, 906 F.3d at 1362 (quoting SSR 00-4p). An apparent conflict not raised during the hearing can be resolved by the ALJ submitting interrogatories to the VE. *Id.* at 1363 (quoting *Pearson*, 810 F.3d 204, 210 n.4 (4th Cir. 2015)). The ALJ is expected to take notice of apparent conflicts during or after a hearing "even when they are not identified by a party, and resolve them." *Id.*

"An 'apparent conflict' is . . . [one that is] reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. If the ALJ fails to identify and resolve a real or apparent conflict, then the ALJ breaches the ALJ's duty under SSR 00-4p to fully develop the record and offer a reasonable resolution of the claim. *Id.* at 1366.

As noted above, the ALJ limited Claimant to "simple and routine tasks"" R. 20. The VE testified that a person with Claimant's limitations could perform the jobs of router, library page, or silver wrapper. R. 68. The VE testified that each of the jobs were "very simple" and that the silver wrapper job could be learned in one day and was a "simple one or two-step process." R. 68. According to the DOT, each of these jobs has a reasoning level of two. *See* DICOT 222.587-038, 1991 WL 672123 (routing clerk); DICOT 249.687-014, 1991 WL 672351 (library page); and DICOT 318.687-018, 1991 WL 6722757 (silver wrapper). Claimant argues that these reasoning levels conflict with the limitation to simple and routine work. Doc. No. 20 at 5-10. The DOT defines reasoning level two as the following: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DICOT, App'x C, 1991 WL 688702; Doc. No. 20 at 7.

Judges within this Court have found that there is at least an apparent conflict between reasoning level two and the simple, routine, repetitive limitation. *Salermo v. Saul*, No. 8:18-CV-979-TGW, 2019 WL 4595157, at *3 (M.D. Fla. Sept. 19, 2019). In these cases, the reasoning is that there is at least an "apparent conflict," as *Washington* defines it, because "reasoning level 2 requires the ability to carry out detailed instructions[, which] . . . appears to be inconsistent with simple work." *Id.* at 4.[2] *See also Alminde v. Saul*, Case No. 8:18-cv-746-T-33CPT (M.D. Fla. July 25, 2019), *report and recommendation adopted and confirmed* (Aug. 21, 2019); *Saffioti v. Comm'r of Soc. Sec.*, Case No. 2:17-cv-143-FTM-29CM, 2019 WL 1513354 (M.D. Fla. Apr. 8, 2019).

---

[2] The *Salermo* Court implies that reasoning level one is more similar to the simple, routine, repetitive limitation than reasoning level two, as reasoning level one "requires the ability to 'apply commonsense understanding to carry out simple one-or two-step instructions . . . .'" *Salermo v. Saul*, No. 8:18-CV-979-TGW, 2019 WL 4595157, at *3 (quoting the DOT definition).

In *Daniel v. Commissioner of Social Security*, No. 5:19-CV-83-OC-MAP, 2020 WL 1485900, at *3 (M.D. Fla. Mar. 27, 2020), the ALJ assigned the claimant an RFC that included the simple and repetitive limitation. The VE provided jobs with a reasoning level of two and stated that his testimony was consistent with the DOT. *Id.* The claimant argued that there was an apparent conflict between a reasoning level of two and the simple and repetitive limitation, arguing that a person limited to simple and repetitive tasks would not be able to perform a job with a reasoning level of two, as it requires an employee to "'[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations.'" *Id.* (quoting DOT, App'x C (4th ed. 1991), 1991 WL 688702). In agreeing with the claimant, the Court relied on the broad definition of "apparent conflict" set forth in *Washington*. *Id.* at *4. Because the ALJ did not explore the apparent conflict, remand was necessary. *Id.*[3]

The Court is mindful of recent unpublished Eleventh Circuit case (discussed by the parties in supplemental filings), the Court suggested in dicta that a reasoning level of 2 was not in conflict with simple, routine, repetitive tasks, but there is no explanation of the reasoning as to how the Court arrived at this declaration. *Valdez v. Comm'r of Soc. Sec.*, No. 19-13052, 2020 WL 1951406, at *3 (11th Cir. Apr. 23, 2020) ("Valdez has not argued that these jobs [with a reasoning level of two] are inconsistent with his residual functional capacity, and they are not. Thus, any

---

[3] Other courts have found that there is no conflict between a reasoning level of two and a simple, routine, repetitive limitation. *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) ("There is no comparable inconsistency between [the claimant's] residual functional capacity (as determined by the administrative law judge) [of simple, routine, repetitive tasks] and Level 2's notions of 'detailed but uninvolved ... instructions' and tasks with 'a few [ ] variables.'"); *Hernandez v. Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017) (per curiam) (finding no conflict between "simple, repetitive tasks" and Level 2); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004); *Sawyer v. Colvin*, 512 F. App'x 603, 610–11 (7th Cir. 2013) (finding no conflict between "simple tasks" and Level 3 reasoning).

error pertaining to the ALJ's conclusion that he could work as an order clerk [which is a reasoning level 3] is harmless because there are other jobs he is qualified to do even in light of his residual functional capacity, age, education, and work experience."). The court's statement that a reasoning level of two is not inconsistent with a limitation to simple, routine, and repetitive work is dicta and hence not controlling here.

As this case is indistinguishable from *Daniel*, the reasoning level of two for the all of the jobs identified apparently conflicts with the RFC that includes the simple and routine work limitation, and because the ALJ failed to investigate the apparent conflict, his decision is not supported by substantial evidence. It may well be that the conflict is more apparent than real, but that analysis is for the ALJ to explicate.

## III.    CONCLUSION.

For the reason stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 10, 2020.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bartholomew C. Zadel
Morgan & Morgan
988 Woodcock Road
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Nadine DeLuca Elder, Branch Chief
Reginald V. Speegle, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
61 Forsyth Street SW, Suite 20T45
Atlanta, Georgia 30303

The Honorable Jeffrey A. Ferguson
Administrative Law Judge
Office of Hearing Operations
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801